FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 JUL 20  AM 11:03

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ALFRED DEAL | CIVIL ACTION |
| VERSUS | NUMBER: 99-0480 |
| BURL CAIN | SECTION: "J"(5) |

### REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. §636(b) and Local Rule 73.2E(A), presently before the Court is the 28 U.S.C. §2254 application for federal habeas corpus relief of petitioner, Alfred Deal, the State's response thereto, and petitioner's rebuttal to the State's response. (Rec. docs. 1, 12, 13). Having determined that an evidentiary hearing is not necessary, it is recommended, for the reasons that follow, that Deal's petition be dismissed with prejudice.

Petitioner Deal is a state prisoner who is presently incarcerated at the Louisiana State Penitentiary, Angola, Louisiana. On June 27, 1991, Deal was found guilty of one count of

___ Fee_____
___ Process_____
 X /Dktd_____
___ CtRmDep_____
___ Doc. No_____

second degree murder after trial, by jury, in the Criminal District Court for the Parish of Orleans, State of Louisiana. On August 30, 1991, Deal was sentenced to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. Deal's conviction was affirmed on direct appeal to the Louisiana Fourth Circuit Court of Appeal, State v. Deal, 622 So.2d 874 (La. App. 4th Cir. 1993)(table), and writs were denied by the Louisiana Supreme Court on October 15, 1993. State v. Deal, 625 So.2d 1061 (La. 1993). Deal's conviction became final ninety days later, or January 14, 1994, when the ninety-day period for him to seek a writ of certiorari from the U.S. Supreme Court expired and no application therefor was made. See U.S. Sup.Ct. R.13(1); Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003); Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999), cert. denied, 529 U.S. 1099, 120 S.Ct. 1834 (2000)(citing 28 U.S.C. §2244(d)(1)(A)).

Thereafter, on October 10, 1996, Deal executed an application for post-conviction relief that was filed in the trial court and was denied on November 4, 1996. (St. ct. rec., vol. 4 of 7). From that unfavorable ruling, Deal sought writs from the Louisiana Fourth Circuit which denied the requested relief on October 23, 1997. State v. Deal, No. 97-K-2270 (La. App. 4th Cir. Oct. 9, 1997)(unpublished order). (St. ct. rec., vol. 4 of 7). Deal's subsequent writ application to the Louisiana Supreme Court met a similar fate on May 8, 1998. State ex rel. Deal v. State, 718

So.2d 426 (La. 1998).

A review of Deal's federal habeas petition and the related papers accompanying it reveals the following operative dates. The certificate of service on the memorandum attached to Deal's federal habeas petition bears the date of June 8, 1998. However, the wording of the certificate indicates that "... a copy of the foregoing Writ of Certiorari ..." was served on the district attorney on that date. (Petitioner's supporting memo, p. 50)(emphasis added). Deal signed the application to proceed in forma pauperis ("IFP") accompanying his habeas petition on December 28, 1998. (Rec. doc. 1, p. 8). Angola officials certified the amount of funds present in Deal's inmate banking accounts on January 6, 1999. (Id.). The reverse side of both the first page of Deal's petition and the first page of his IFP application bear this Court's "TENDERED FOR FILING" stamps of February 10, 1999, indicating that both were first received by the Clerk's Office on that date. (See reverse side of rec. doc. 1, pp. 1, 7). The Court's receipt of Deal's petition on that date is further confirmed by the Clerk's Office's daily pleading log, pertinent pages of which are attached hereto, which reflects that the petition was processed and was formally allotted on February 11, 1999. (See also reverse side of rec. doc. 1, p. 1). Finally, although Deal's petition was undoubtedly received by the Clerk's Office on February 10, 1999, it bears a handwritten date of

"2/14/99" to the left of his signature. (Rec. doc. 1, p. 6). Deal's IFP application was denied by the Court on March 17, 1999. (Rec. doc. 2). On November 2, 2004, over five and one-half years later, an unidentified individual paid the $5.00 habeas filing fee on Deal's behalf and his petition was formally filed as of that date. (Rec. doc. 1, p. 1).

Because Deal's conviction undoubtedly became final before the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L.No. 104-132, 110 Stat. 1214 (1996)(effective April 24, 1996), he had one year, or until April 24, 1997, to file his habeas petition in this Court, Flanagan v. Johnson, 154 F.3d 196, 202 (5th Cir. 1998), excluding any time that "... a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim ..." was pending in the state courts. 28 U.S.C. §2244(d)(2). Although the State has done so in this case, the one-year time bar may be raised by the Court sua sponte. Kiser v. Johnson, 163 F.3d 326, 328-29 (5th Cir. 1999).

Under Flanagan, the one-year grace period within which Deal could have timely filed his federal habeas petition began to run on the effective date of the AEDPA, April 24, 1996. One hundred sixty-nine days elapsed before the one-year period was tolled on October 10, 1996 when he executed his state application for post-conviction relief. That matter remained pending before the state

4

courts until May 8, 1998 when Deal's writ application was denied by the Louisiana Supreme Court. At that point, the one-year limitation period commenced running again. Unless that time period was tolled by some event, or Deal's federal habeas petition was delivered to prison officials to be mailed to the Court, by no later than November 21, 1998, it is untimely under §2244(d).

In his rebuttal to the State's response in which it raised the issue of timeliness, Deal "... insists that his petition was mailed days after he signed his Certificate of Service, dated June 8, 1998, after being denied on May 8, 1998 by the Louisiana Supreme Court." (Rec. doc. 13, p. 1). Deal further asserts that "... he is dumbfounded as to how the error in the dating of the form AO 241 of February 14, 1999 occurred. But it appears that _he_ made it." (Id.)(emphasis added).

Having carefully reviewed the record in its entirety, the Court finds that the June 8, 1998 date is not controlling. First, the certificate of service in which the date appears refers to the mailing of Deal's "... Writ of Certiorari ...". Deal has provided the Court with no evidence, in the form of a prison mail-room log, certified mail receipt or otherwise, showing that anything was mailed from Angola in 1998. Although the certificate of service _may_ have been executed on June 8, 1998, it was not until December 28, 1998 that Deal signed his application to proceed IFP, a form necessary for the allotment of his habeas petition and its

presentation to the Court. Thereafter, Deal's IFP application was certified by prison banking officials on January 6, 1999, another event which had to have occurred prior to the presentation of his pleading to the Court. Deal's petition was undoubtedly received by the Clerk's Office on February 10, 1999 as evidenced by the "TENDERED FOR FILING" stamps on his moving papers and the Clerk's Office's daily pleading log. Moreover, Deal admits in his rebuttal that he mistakenly dated the signature page of his petition "2/14/99" at a time when the petition was already in the hands of the Clerk. This casts further doubt on the accuracy of the dates that he has provided the Court.

In light of the foregoing, the undersigned finds that Deal delivered his habeas petition to prison officials for mailing to the Court no earlier than December 28, 1998, the date that he signed his IFP application, and certainly no earlier than January 6, 1999, the date that the application was certified by prison banking officials. While Deal may have possibly prepared his supporting memorandum on an earlier date, he thereafter failed to promptly take those steps necessary to have it and the standardized habeas form prescribed by Congress timely transmitted to the Court for processing. This conclusion is further buttressed by the fact that, after his request to proceed IFP was denied in 1999, Deal waited over five and one-half years before submitting the requisite $5.00 filing fee to the Court, further evidence that he was

exceedingly dilatory in acting to preserve his legal rights. Deal's habeas petition is untimely and should be dismissed as such.

### RECOMMENDATION

For the foregoing reasons, it is recommended that the application for federal habeas corpus relief of Alfred Deal be dismissed with prejudice.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en banc</u>).

New Orleans, Louisiana, this 18th day of July, 2006.

    _____
    UNITED STATES MAGISTRATE JUDGE